# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION NO. 07-1808** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CONNIE H. GARSEE** | **MAG. JUDGE KAREN L. HAYES** |

# RULING

This is an action on a promissory note brought by Plaintiff United States of America ("the United States") against Defendant Connie H. Garsee ("Garsee"). Pending before the Court is a Motion for Summary Judgment [Doc. No. 5] filed by the United States. For the following reasons, the United States' Motion for Summary Judgment is GRANTED.

## I. FACTS AND PROCEDURAL HISTORY

Garsee executed and delivered to the United States, through the United States Department of Education ("DOE"), a promissory note ("the Note") dated June 30, 2000, to secure a direct consolidation loan. The Note evidences a loan to Garsee in the aggregate sum of $102,262.23, bearing interest at a rate of 8.25% per annum, advanced by the DOE through the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087a, *et seq*.

Although the United States demanded payment on the Note, on June 11, 2001, Garsee defaulted on her obligation.

As of September 11, 2007, Garsee owed the principal amount of $106,119.64 and interest in the amount of $51,252.22, after being credited for all offsets. Interest accrues on the principal at the rate of $23.97 per day.

On November 1, 2007, the United States filed this lawsuit, supported by the declaration of Linda Faatalale, Loan Analyst for DOE.

On March 7, 2008, Garsee timely filed a letter Answer, *pro se*, in which she implicitly admitted that she was in default on her obligations to the United States, but offering an explanation. She explained that she was unaware that a consolidation of her student loans would result in her owing more money. Garsee described losing her job as a teacher and other financial hardships and her attempts to make some payments on her student loan obligation.

On July 30, 2008, the United States filed the instant Motion for Summary Judgment. Garsee has not opposed the Motion for Summary Judgment.

## II. LAW AND ANALYSIS

### A. Motions for Summary Judgment

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache*

*Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose it violates a local rule. *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). However, when a nonmovant fails to provide a response identifying the disputed issues of fact, the Court may accept the movant's description of the undisputed facts as *prima facie* evidence of its entitlement to judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 173-74 (5th Cir. 1999). This is so because "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

B. **Claim Against Garsee**

The Fifth Circuit has noted that "suits on promissory notes provide fit grist for the summary judgment mill." *Fed. Deposit Ins. Corp. v. Cardinal Oil Well Servicing Co.*, 837 F.2d 1369, 1371 (5th Cir. 1988). "To recover on a promissory note, the [United States] must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." *FDIC v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254 (5th Cir. 1993).

In this case, the United States has alleged that Garsee executed and delivered the June 30, 2000 Note to it and that it is the current owner and holder of the Note. In support, the United

3

States relies on the declaration of Linda Faatalale, a loan analyst with the DOE. Ms. Faatalale declares that Garsee executed the Note, that a loan in the amount of $102,262.23 was disbursed to her, that DOE made demand on the Note, and that Garsee is in default. Ms. Faatalale further declares that, as of September 11, 2007, Garsee owed the principal amount of $106,119.64[1] and interest in the amount of $51,252.22, after being credited for all offsets. Interest accrues on the principal at the rate of $23.97 per day.

Garsee has filed no opposition to the United States' Motion for Summary Judgment. Garsee admitted in her Answer that she agreed to consolidate her student loans, and she did not deny any of the allegations contained in the United States' Complaint. Garsee also failed to assert any valid defenses to the United States' action against her.

Accordingly, the Court finds that there is no genuine issue of material fact for trial. The United States is entitled to summary judgment against Garsee.

## III.   CONCLUSION

For the foregoing reasons, the United States' Motion for Summary Judgment [Doc. No. 5] is GRANTED. Judgment is entered in favor of the United States and against Garsee, *in personam*, for (1) the outstanding principal sum of $106,119.64 plus interest of $51,252.22 accrued through September 11, 2007; (2) additional pre-judgment interest of $23.97 accruing daily after September 11, 2007, until the date of this Judgment; (3) post-judgment interest at the rate computed pursuant to 28 U.S.C. § 1961(a) from the date of this Judgment until paid, to be compounded annually; and

---

[1] Ms. Faatalale explained the difference in the principal sum disbursed to Garsee ($102,262.23) and the principal sum owed to the United States ($106,119.64). Ms. Faatalale declares that the principal sum owed includes $3,857.41 in unpaid interest, which was capitalized and added to the principal balance of Garsee's consolidation loan pursuant to 34 C.F.R. § 685.202(b).

(4) all costs of this action, including the $350.00 filing fee allowed pursuant to 28 U.S.C. § 2412(a)(2).

MONROE, LOUISIANA, this 16th day of September, 2008.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE